# LOAN AGREEMENT
## Including Truth-in-Lending Disclosure

| **Lender:** (Called "We", "Us", "Our")<br>BENEFICIAL MAINE INC.<br>254 WESTERN AVENUE<br>AUGUSTA, ME 04330 |  |
|---|---|
| **Borrowers:** (Called "You", "Your")<br>FRANCIS A. FOLSOM<br>93 HINKLEY RD<br>WEST GARDINER, ME 04345 |  |
| **Date of Loan:** 03/12/2007 | **Loan Number:** ! |

In this agreement, "you", "your" mean the Borrower(s) who signs this agreement. "We", "us" and "our" refer to the Lender. This agreement covers the terms and conditions of your loan. It is important to us that you clearly understand the features of your loan. Please read this agreement carefully, and ask us any questions you may have.

### Truth-In-Lending Disclosure

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 8.323% | $186,109.86 ("e") | $107,999.34 | $294,109.20 ("e") |

**Your payment schedule will be:**

| Number of Payments | Amount of Payments | When Payments are Due ("e") |
|---|---|---|
| 1 | $816.97 | 04/12/2007 |
| 359 | $816.97 | Day 12 of each month thereafter. |

"e" means an estimate

EXHIBIT B

**Assumption:** Someone buying your home cannot assume the remainder of the mortgage on the original terms.

**YOU ARE GIVING US A SECURITY INTEREST IN THE REAL PROPERTY AS DESCRIBED IN THE MORTGAGE AND LOCATED AT:**

93 HINKLEY RD
WEST GARDINER, ME 04345

| | |
|---|---|
| **Late Charge** | If your monthly installment is not paid in full within 15 day(s) after it is due, you will be charged a late charge equal to the LESSER of 5% of the unpaid amount of the monthly installment or $10.00. |
| **Prepayment** | You may prepay your loan in full or in part at any time without penalty. If you pay off your loan early, you will not be entitled to a refund of that part of the Finance Charge consisting of any prepaid finance charges. |

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

---

**The Settlement Statement provides your disbursements and the itemization of the Amount Financed.**

### ABOUT THE SECURITY:

| | |
|---|---|
| **Your Obligation to Insure** | You shall keep the structures located on the real property securing your loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is canceled or expires while your loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below. |
| **Real Property Taxes and Homeowners Insurance** | Homeowners Insurance covering fire and other hazards on the real property security is required, naming us as a loss payee for the term of your loan. You shall pay us on the day that monthly installments are due under this agreement, an additional sum (the "Funds") to be used to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the real property; (b) leasehold payments or ground rents on the real property, if any; (c) premiums for any and all insurance required by us under this agreement and the Mortgage ("Escrow Items"). You will pay us the Funds for Escrow Items unless we waive your obligation to pay the Funds for any or all Escrow Items. We may waive your obligation to pay us Funds for any or all Escrow Items at any time. Any such waiver must be in writing. In the event of such waiver, you will be solely responsible for paying the amounts due for any Escrow Items directly and, if we require, you shall furnish us with receipts |

evidencing such payment within such time period as we may reasonably require.

**Title Insurance**

Title insurance on the real property security is required, naming us as a loss payee. You must purchase title insurance or its local equivalent protecting our lien on the real property as a condition to obtaining your loan. You may purchase title insurance from any title insurance provider you choose that we reasonably believe provides sufficient financial protection to us. You request such title insurance and authorize us to deduct the costs of the title insurance from your loan proceeds in order to pay the title insurance provider.

**Lender's Right to Place Hazard Insurance**

You authorize us, at our option, to obtain hazard insurance coverage on the real property in an amount not greater than the outstanding balance of principal and interest on your loan or, if known to be less, the replacement value of the real property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance. We may choose to add the insurance charges to the unpaid balance of your loan, which will accrue interest at the Contract Rate, or bill you for the annual premium on a periodic basis. The addition of the insurance charges due might increase the amount of your final monthly installment. The cost of lender-placed hazard insurance might be higher than the cost of standard insurance protecting the real property. The lender-placed insurance will not insure the contents of the real property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan.

## ABOUT YOUR LOAN REPAYMENT:

| | | | |
|---|---|---|---|
| SCHEDULED MATURITY DATE | 03/12/2037 | PREPAID FINANCE CHARGES | $3,340.19 |
| MONTHS OF CONTRACT | 360 | PRINCIPAL | $111,339.53 |
| CONTRACT RATE (per year) | 8.000% | | |
| AMOUNT FINANCED | $107,999.34 | | |

| | |
|---|---|
| **Promise to Pay** | You agree to the terms of this agreement and promise to pay us the principal (Amount Financed plus prepaid finance charges consisting of Origination Fee/Points) plus interest which is computed at a rate of 8.000% (the "Contract Rate"). You agree to pay us in monthly installments as stated in the Payments provision of this agreement. You also agree to pay us: (a) other charges as provided in this agreement; (b) credit insurance charges, if any; (c) collection costs permitted by applicable law, including reasonable attorneys' fees otherwise due under your Mortgage and (d) any other charges reflected in your settlement statement. |
| **Interest** | Interest will be charged on the unpaid principal until the full amount of principal has been paid. You will pay us interest at a yearly Contract Rate of 8.000%. |
| | The interest rate required by this provision is the rate you will pay both before and after any default as described in this agreement. |
| **Payments** | **Time and Place of Payments** |
| | You will pay us principal and interest by paying your monthly installments. |
| | You will make your monthly installments to us on the same day of each month beginning on or about 04/12/2007. You will make these monthly installments every month until you have paid all of the principal and interest and any other charges described herein that you may owe under this agreement. Your monthly installments will be applied to interest before principal. If, on the Scheduled Maturity Date, 03/12/2037, you still owe amounts under this agreement, you will pay those amounts in full on that date, which amount will include interest at the then current Contract Rate or any such other rate as required by law. |
| | You will make your monthly installments at the address shown on page one or at the address shown on your monthly billing statement or at a different place that we may give you. |
| | **Amount of Monthly Installments** |
| | Your monthly installments will be in the amount of $816.97, plus the amount of any optional insurance or funds for escrow you elected. |
| **Prepayment** | You may prepay your loan in full or in part at any time without penalty. If you pay off your loan early, you will not be entitled to a refund of that part of the Finance Charge consisting of any prepaid finance charges. |
| **Late Charge** | If your monthly installment is not paid in full within 15 day(s) after it is due, you will be charged a late charge equal to the LESSER of 5% of the unpaid amount of the monthly installment or $10.00. |
| **Additional Charges** | You agree to pay any amounts actually incurred by us for services rendered in connection with the opening and servicing of your loan, as allowed by law. These amounts may include fees for appraisals, title |



* F249F0642L - 94 - CET - 9 - 000 - 0315LE - Z - 4 - O ** FOLSOM ^ ORIGINAL

|  |  |
|---|---|
|  | examination, title insurance or its local equivalent, fees and taxes paid to public officials in connection with recording, releasing or satisfying the Mortgage and other taxes as shown in the Settlement Statement incorporated herein by this reference. You also agree to pay any other amounts incurred by us in connection with the servicing of your loan including any amounts that we may (but need not) pay or that are otherwise due under the Mortgage, incorporated herein by this reference. |
| **Default** | If you fail to make any monthly installment after it becomes due or fail to keep the required insurance in force or fail to comply with the terms of the Mortgage, we will notify you of your right to bring your account up to date, and if your account is not brought up to date within 14 days after receipt of the notice of your right to cure, we may require you to pay us, at once the unpaid balance of your loan plus accrued interest and any other applicable charges in this agreement or sue you for the total amount you owe and if your loan is secured by real estate, you will pay our reasonable attorney fees not to exceed 15% of the unpaid debt after default and referral to an attorney who is not our salaried employee. |
| **Balloon Payment Disclosure** | If the final installment on your loan requires a balloon payment, which is a final payment not substantially equal to all other periodic payments or installments, you have certain rights under Maine law. We must notify you in writing of the Scheduled Maturity Date and the amount due on the Scheduled Maturity Date at least 60 days but not more than 180 days prior to the Scheduled Maturity Date of the loan. You have the right to refinance the amount of the balloon payment in order to fully amortize the remaining amount due on terms then generally offered by us, if you satisfy reasonable credit standards and if the property satisfies reasonable loan-to-value standards. |
| **Security Interest** | You agree to give us a security interest in the real property as described in the Mortgage. |

## ABOUT OUR RELATIONSHIP:

|  |  |
|---|---|
| **Exchange of Information** | You understand and agree that we will call you from time to time to discuss your financial needs and any loan products that may be of interest to you as may be permitted by applicable law. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. |
| **Credit Bureau Reporting** | If you fail to fulfill the terms of your loan, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. |
| **Telephone Monitoring** | You agree that we may listen to and/or record telephone calls between you and our representatives for quality assurance purposes. |



* F249F0642L - 94 - CET - 9 - 000 - 0315LE - Z - 5 - O ** FOLSOM ^ ORIGINAL

| | |
|---|---|
| **Insurance** | Credit insurance is optional. Any applicable insurance disclosures are included with this agreement and are incorporated herein by this reference. |
| **Alternative Dispute Resolution** | The terms of the Arbitration Rider signed by you as part of your loan transaction are incorporated herein by this reference. |
| **Applicable Law** | The terms and conditions of this agreement will be governed by the Maine Consumer Credit Code. |

If any provision of this agreement is finally determined to be void or unenforceable under any law, rule, or regulation, all other provisions of this agreement will remain valid and enforceable. Our failure to enforce any provision(s) to this agreement shall not be deemed to constitute a waiver of such term(s). In order for any amendment to this agreement to be valid, it must be agreed to by you and us.

You acknowledge that before signing this agreement, you have read and received this agreement which includes the Federal Truth-in-Lending disclosure and, as applicable, any other riders and/or disclosures incorporated herein by reference. By signing below, you agree to observe the terms and conditions of this agreement.

Borrower: _/s/ Francis A. Folsom_   Date: 3/12/07
FRANCIS A. FOLSOM

## ALLONGE TO NOTE

Service #:

Control Number:

Allonge to Note Dated:     3/12/07

And Executed by:           FRANCIS A. FOLSOM

Property Address:          93 HINKLEY RD, WEST GARDINER, ME 04345-3519

Loan Amount:               $111,339.53

Pay to the order of:       U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST

Without recourse:          BENEFICIAL MAINE, INC., BY CALIBER HOME LOANS,. INC. AS ITS ATTORNEY IN FACT

By: _____
    Stoner Wade

Title:                     Authorized Signatory

Prepared By: STEPHANIE L BURDICK

CAALNG

# ALLONGE TO NOTE

Service #:

Control Number:

Allonge to Note Dated:   3/12/07

And Executed by:   **FRANCIS A. FOLSOM**

Property Address:   **93 HINKLEY RD, WEST GARDINER, ME 04345-3519**

Loan Amount:   **$111,339.53**

Pay to the order of:

Without recourse:   **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT**

By:   *[signature]*
   **Stoner Wade**

Title:   **Authorized Signatory**

Prepared By:  STEPHANIE L BURDICK

CAALNG

# ARBITRATION RIDER
## United States

This Arbitration Rider is signed as part of Your Agreement with Lender and is made a part of that Agreement. By signing this Arbitration Rider, you agree that either Lender or you may request that any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present, or future), including initial claims, counter-claims, cross-claims, and third-party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of you or us by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. The party initiating the arbitration proceeding shall have the right to select one of the following three arbitration administrators: the American Arbitration Association ("AAA"), National Arbitration Forum ("NAF") or JAMS/Endispute ("JAMS"). The arbitrator shall be a lawyer with more than ten years experience or a retired or former judge. The arbitrator shall be independent of and unrelated to you or Lender. Notwithstanding any language in this Arbitration Rider to the contrary, no arbitration may be administered, without the consent of all parties to the arbitration, by any organization that has in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Rider, including the Class Action Waiver Provision defined below. The rules and forms of the AAA, NAF and JAMS may be obtained by writing to these organizations at the addresses and/or websites listed below. Our address for the service of process under this provision is: P.O. Box 279, Mt. Prospect, IL 60056.

Any participatory arbitration hearing that you attend will take place in the city nearest to your residence where a federal district court is located or at such other location as agreed by the parties.

If Lender files a Claim, Lender shall pay all the filing costs. If you file a Claim, filing costs and administrative fees, (other than hearing fees) shall be paid as follows: (a) you agree to pay for the initial cost of filing the Claim up to the maximum amount of $100.00; and (b) if required by the arbitration administrator's rules, we will pay for filing costs over $100.00 and for any administrative fees charged by the arbitration administrator on any Claim submitted by you up to a maximum of the amount of the filing costs and administrative fees that would be charged by the arbitration administrator for a Claim equal to your loan amount. Any filing costs and/or administrative fees assessed for a Claim in excess of your loan amount shall be paid by you. The lender shall pay the cost of one full day of arbitration hearings. Fees for hearings that exceed one day will be paid by the requesting party. We shall each bear the expense of our respective attorney's fees, except as otherwise provided by law. If a statute gives you the right to recover any of these fees, or the fees paid to the arbitration administrator, these statutory rights shall apply in the arbitration notwithstanding anything to the contrary herein. If the arbitrator issues an award in our favor, you will not be required to reimburse us for any fees we have previously paid to the arbitration administrator or for which we are responsible.

This Arbitration Rider is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (the "FAA"). The arbitrator shall apply applicable substantive law consistent with the FAA, including laws concerning reception, rejection, and consideration of evidence and shall provide written reasoned findings of fact and conclusions of law. The arbitrator's award shall not be subject to appeal except as permitted by the FAA. For Claims where there is an appeal right under the FAA, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo (i.e. in its entirety) any aspect or all aspects of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Judgment upon the award may be entered in any court having jurisdiction. All statutes of limitations that would otherwise be applicable shall apply to any arbitration proceeding.

03/12/2007 14:25                           Page 1 of 3                                    0111LE09



* F249F0642L - 94 - XAR - 9 - 000 - 0111LE - Z - 1 - O ** FOLSOM ^ ORIGINAL

## ARBITRATION RIDER
### United States

We agree not to invoke our right to arbitrate an individual Claim you may bring in Small Claims Court or an equivalent court, if any, so long as the Claim is pending only in that court. No class actions or private attorney general actions in court or in arbitration or joinder or consolidation of claims in court or with other persons are permitted in arbitration without the written consent of the parties. The validity and effect of the preceding sentence (herein referred to as the "Class Action Waiver Provision") shall be determined exclusively by a court and not by the administrator or any arbitrator. Neither the administrator nor any arbitrator shall have the power or authority to waive, modify or fail to enforce the Class Action Waiver Provision, and any attempt to do so, whether by rule, policy, arbitration decision or otherwise, shall be invalid and unenforceable.

The arbitrator shall be empowered to impose sanctions and to take such other actions as the arbitrator deems necessary to the same extent as could be imposed by a judge pursuant to the Federal Rules of Civil Procedure.

This Arbitration Rider shall survive repayment of your loan and/or termination of the Agreement. If any portion of this Arbitration Rider is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this Arbitration Rider of the Agreement. However, if a determination is made that the Class Action Waiver Provision is unenforceable, this Arbitration Rider (other than this sentence) and any prior Arbitration Rider shall be null and void. In the event of a conflict or inconsistency between the rules and procedures of the arbitration administrator and this Arbitration Rider, this Arbitration Rider shall govern.

No provision of, nor the exercise of any rights under this Arbitration Rider shall limit the right of any party during the pendency of any Claim, to seek and use ancillary or preliminary remedies, judicial or otherwise, for the purpose of realizing upon, preserving, protecting, or foreclosing upon any property involved in any Claim or subject to the loan documents. The use of the courts shall not constitute a waiver of the right of any party, including the plaintiff, to submit any Claim to arbitration nor render inapplicable the compulsory arbitration provisions contained in this Arbitration Rider.

**THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.**

You may contact, obtain the arbitration rules of, or file a Claim with AAA, NAF or JAMS as follows:

| American Arbitration Association | National Arbitration Forum (NAF) | JAMS/Endispute |
|---|---|---|
| 335 Madison Avenue | P.O. Box 50191 | 555 13th Street NW |
| New York, NY 10017 | Minneapolis, MN 55405 | Suite 400 West |
| www.adr.org | www.arb-forum.org | Washington, DC 20004 |
| Arbitration Rules for Consumer Related Disputes (claims under $10,000). | Code of Procedure | www.jamsadr.com |
| Arbitration Rules (all other claims). | | Financial Services Arbitration Rules and Procedures |

To reject this Arbitration Rider, you must send Lender a signed writing (Rejection Notice) that is received within thirty (30) days after the date shown on the bottom left hand corner of this Arbitration

03/12/2007 14:25                 Page 2 of 3                                 0111LE09



* F249F0642L - 94 - XAR - 9 - 000 - 0111LE - Z - 2 - O ** FOLSOM ^ ORIGINAL

## ARBITRATION RIDER
### United States

Rider. The Rejection Notice must be sent to the following address: P.O. Box 279, Mt. Prospect, IL 60056. The Rejection Notice must identify the loan transaction involved and must include your name, address, and social security number and must be signed by all persons signing this Arbitration Rider. You may send the Rejection Notice in any manner you see fit as long as it is received at the specified address within the specified time. No other methods can be used to reject this Arbitration Rider. If the Rejection Notice is sent on your behalf by a third party, such third party must include evidence of his or her authority to submit the Rejection Notice on your behalf.

By signing below, you acknowledge that: (1) You have read this entire Arbitration Rider carefully; (2) You agree to arbitrate any claims that you may have upon your or Lender's election; and (3) You have 30 days from the date shown on the bottom left hand corner of this Arbitration Rider to reject this Arbitration Rider by following the procedures described above, and understand that any such rejection will have no other effect on the loan transaction.

Borrower: _[signature]_   Date: 3/12/07
FRANCIS A. FOLSOM

Francis A Folsom
Print Name

BENEFICIAL MAINE INC.
By: _[signature]_   Date: 3/12/07