UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, in its capacity as owner trustee for LEGACY MORTGAGE ASSET TRUST 2021-GS1<br><br>　　　　Plaintiff<br><br>v.<br><br>FRANCIS A. FOLSOM,<br><br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　No. 1:24-cv-00412-LEW<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION TO ALLOW SERVICE BY ALTERNATIVE METHOD AND MOTION TO EXTEND TIME TO COMPLETE AND FILE SERVICE**

U.S. Bank Trust National Association, in its capacity as owner trustee for Legacy Mortgage Asset Trust 2021-GS1 (hereinafter U.S. Bank), filed a motion to serve its foreclosure complaint upon Francis A. Folsom by alternative means—specifically, by United Parcel Service (UPS) or by publication—and a motion to extend time to complete and file that service by sixty (60) days. For the reasons below, the Motion for Service by Alternative Method (ECF No. 11) is denied, and the Motion to Extend Time to Complete and File Service (ECF No. 10) is granted.

### I.　Legal Standard

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice . . . ." *Gaeth v. Deacon*, 2009 ME 9, ¶ 23, 964 A.2d 621. Proper service of process provides that requisite notice. *See id.*

1

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process." *Wells Fargo Bank, N.A. v. Dodge,* No. 2:22-cv-00412-LEW, 2024 WL 1309377, at *1 (D. Me. Mar. 27, 2024); *see also* Fed. R. Civ. P. 4(e)(2)). "Service may also be accomplished by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district [court] is located or where service is made." *Dodge*, 2024 WL 1309377, at *1*; see also* Fed. R. Civ. P. 4(e)(1).

Maine law permits service by alternative means "on motion upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1). To satisfy that standard, the movant must submit "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule 4(g)(2), as well as an affidavit showing that (1) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute," (2) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process," and that (3) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit." Me. R. Civ. P. 4(g)(1)-(2).

## II.　Background

On November 27, 2024, U.S. Bank filed a complaint seeking the foreclosure and sale of a property located at 93 Hinkley Road, West Gardiner, ME 04345 (the "Property"). *See* Complaint (ECF No. 1) ¶¶ 30-31. Folsom originally secured the Property by a now-defaulted mortgage owned by U.S. Bank. *See id.* ¶¶ 10-11, 19-29.

On December 4, 2024, U.S. Bank provided Kevin Surette of We Serve Maine with a copy of the summons, complaint, and Rule 4 notice to serve Folsom at the Property, which was listed as his last known address. *See* Affidavit of Matthew Kelly (ECF No. 11-1) ¶ 3. Surette attempted to do so on December 13, 2024, but was unsuccessful because he could not reach the door: there were vehicles, trash, and debris blocking the Property's driveway, and a pallet with "keep out" and "do not enter" signs posted on it blocking the walkway. *Id.* ¶ 4; *see also* Ex. A (ECF No. 12).

Through LexisNexis Accurint/RISK searches, U.S. Bank discovered several phone numbers associated with Folsom and confirmed that his probable address was in West Gardiner. *See* Motion to Extend Time ¶¶ 4, 9. U.S. Bank called two of the identified phone numbers in February 2025, but neither reached Folsom. *See id.* ¶ 9.

U.S. Bank also sent Folsom a copy of the complaint and Local Rule 7.1 disclosure statement by regular mail, and a notice of the right to cure by both regular and certified mail, to the Property's address. *See id.* ¶¶ 5, 8. Only the notice sent by certified mail was returned to counsel's office, and it bore a sticker that read "RETURN TO SENDER - UNCLAIMED - UNABLE TO FORWARD." *Id.* ¶¶ 6-8.

### III. Discussion

U.S. Bank contends that it should be permitted to serve Folsom by alternative means (by UPS or by publication) because it has made numerous attempts to serve him traditionally, and further similar attempts are unlikely to be successful because while Folsom appears to occupy the Property, he has been unresponsive to its efforts to engage him. *See id.* ¶ 10; Motion for Service by Alternative Method at 2-3.

I disagree. U.S. Bank made one attempt to serve Folsom in person, sent the relevant documents to him by regular and certified mail, searched LexisNexis Accurint/RISK for his contact and residential information, and called two of the "numerous" phone numbers that the search uncovered. These efforts, though intended to provide Folsom with actual notice, fall short of justifying service by alternative means. *Cf. Fed. Nat'l. Mortgage Ass'n. v. Pierce*, 1:22-cv-00281-LEW, 2024 WL 69635, at *1-2 (D. Me. Jan. 5, 2024) (approving service by UPS, and noting that the defendant "appear[ed] to be avoiding service," after the plaintiff made four attempts to serve the defendant in hand at his residence and was told by an unidentified person through the building's callbox that the defendant was not home the first two times, then left a voicemail through the callbox the other two times); *Dodge*, 2024 WL 1309377, at *1-3 (permitting service by publication where the plaintiff made multiple attempts to serve the defendant at his residence but no one answered the door, spoke with neighbors who confirmed that he lived at that address and rarely left home, observed a vehicle parked on the premises each time service was attempted, and finally left behind a copy of the summons and complaint).

Moreover, because societal changes have rendered service by publication in a newspaper "less likely to achieve actual notice," and therefore less likely to satisfy due process, it is now considered "a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice." *Gaeth*, 2009 ME 9, ¶ 26, 964 A.2d 621.  In light of these concerns, this Court has been "extremely reticent about approving service by publication" and "typically require[s] that the party moving for service by publication, particularly in foreclosure cases . . ., demonstrate that it has a hired a competent private investigator and the private investigator's efforts to locate the person have been unsuccessful." *NewRez LLC v. Ochoa*, No. 2:23-cv-00251-LEW, 2024 WL 1071642, at *1 (D. Me. Mar. 12, 2024) (cleaned up). There is no indication that U.S. Bank hired a private investigator to find Folsom.

Accordingly, I cannot conclude, based on U.S. Bank's efforts to date, that it has demonstrated the requisite due diligence to warrant serving Folsom by alternative means, much less by publication.[1]  However, U.S. Bank has established good cause for a sixty (60) day extension of time to complete and file service as to Folsom. *See* Fed. R. Civ. P. 6(b)(1)(A).  I suggest that U.S. Bank undertake further efforts such as hiring a private investigator, dialing the remaining phone numbers returned in its electronic search, inquiring with Folsom's neighbors, utility providers, or family about his whereabouts, or searching publicly available databases or town records.

---

[1] U.S. Bank also neglects to explain in its affidavit how service by UPS is reasonably calculated to provide Folsom with actual notice, which is especially relevant considering its previous attempts to serve him by mail sent to the Property's address have been unsuccessful. *See* Me. R. Civ. P. 4(g)(1)(C).

## IV.    Conclusion

For the foregoing reasons, U.S. Bank's motion to allow service by alternative method or by publication is **DENIED** without prejudice and its motion to extend time to complete and file service is **GRANTED**.  U.S. Bank shall complete and file service as to Folsom within sixty (60) days from the date of this order.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: April 2, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge
